[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16181
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cv-00088-HL

ARNOLD JOHNSON,

Plaintiff-Appellant,

versus

CO II BOYD,
LIEUTENANT JOHNSON,
WIZA,
JONES,
HOWELL,
YANCEY,
WESTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 5, 2014)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

The District Court dismissed the *pro* se complaint Arnold Johnson, a state prison inmate, brought under 42 U.S.C. § 1983 on the ground that the complaint failed sufficiently to allege a violation of his Eighth Amendment rights.[1]  Johnson appeals the ruling as well as the court's denial of his request for leave to amend. We find no error in the court's dismissal of the complaint for failure to state a claim, but remand the case with instructions that the court grant Arnold leave to amend.

I.

We review a grant of a motion to dismiss for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004).

In reviewing a motion to dismiss, we must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2007) (quotation omitted).  A claim is facially plausible when

---

[1]  In the context of this case, the Eighth Amendment is made applicable to the States under the Fourteenth Amendment's Due Process Clause.  *See Robinson v. California*, 370 U.S. 660 (1962).

the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Furthermore, factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). We construe a *pro se* litigant's pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law. 42 U.S.C. § 1983. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive in prison. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Among other duties, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833, 114 S.Ct. at 1976.

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). When examining the existence a substantial risk of serious harm, the district court uses an objective standard. *Caldwell v. Warden, FCI Talladega*, No. 12-11818, manuscript op. at 19 (11th Cir. Apr. 7, 2014). There must be a strong likelihood of risk of injury, rather than a mere possibility,

3

before an official's failure to act can constitute an Eight Amendment violation. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

Determining whether the defendant was deliberately indifferent to a risk of injury involves a subjective and objective component. *Caldwell*, No. 12-11818, manuscript op. at 19. To satisfy the subjective component, a plaintiff must allege that the defendant subjectively knew that an inmate faced a substantial risk of serious harm. *Id.* The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 20. Awareness of an inmate's generally problematic nature does not constitute subjective knowledge of a serious risk of harm. *Carter*, 352 F.3d at 1350. To satisfy the objective component, a plaintiff must allege that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner. *Caldwell*, No. 12-11818, manuscript op. at 20.

The District Court correctly determined that Johnson's complaint failed to state a claim upon which relief could be granted. Nowhere does the complaint allege, nor can it be plausibly inferred, that the defendants subjectively foresaw or knew of a substantial risk of injury posed by Hanley. Even if Johnson did allege that the defendants had knowledge of Hanley's history of violence and mental illness, which he did not, the complaint was still properly dismissed because

4

deliberate indifference requires "much more than mere awareness of [an inmate's] generally problematic nature." *Carter*, 352 F.3d at 1350. Accordingly, Johnson failed to allege that the defendants acted with deliberate indifference and, therefore, could not state a claim. *Caldwell*, No. 12-11818, manuscript op. at 19-20.

Johnson's argument that Hanley's destructive behavior in the cell created a foreseeable risk of injury has no merit, as the complaint does not sufficiently allege that Hanley's behavior created a "strong likelihood" of injury to Johnson. *Brown*, 894 F.2d at 1537. Rather, despite the fact that he was in the midst of damaging property, Hanley's physical attack was unprovoked, suggesting that Hanley's behavior created nothing more than a "mere possibility" of injury to Johnson. *Id.* And even if Hanley's behavior created an objectively strong likelihood of injury to Johnson, the complaint does not allege that the defendants were subjectively conscious of this risk. *Caldwell*, No. 12-11818, manuscript op. at 19-20; *see also* *Farmer*, 511 U.S. at 838, 114 S.Ct. at 1979 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as [a constitutional violation]"). Accordingly, the defendants' alleged actions after Hanley began destroying property, but before he attacked Johnson, could not amount to deliberate indifference.

Additionally, to the extent that Johnson's complaint was based on the defendants' deliberate indifference *after* Hanley attacked him, the court again correctly determined that Johnson failed to state a claim upon which relief could be granted.[2]  As an initial matter, it is not clear from the complaint that Johnson even attempted to state a claim for deliberate indifference after Hanley attacked him, as his principle allegation is that "there were more than enough officers outside the cell to get [Hanley] *before* he attacked me"  (emphasis added).  Johnson's emphasis on the defendants' actions prior to Hanley's physical attack suggests that the complaint alleged only a cause of action for deliberate indifference prior to Hanley's attack, which, as explained above, was properly dismissed.

However, if we liberally construe the complaint to state a claim for deliberate indifference after Hanley's physical attack, the complaint still does not allege, nor can it be plausibly inferred, that any defendant acted with deliberate indifference.  The complaint does not allege that the officers waited an unreasonable amount of time to intervene after Hanley attacked Johnson.  In fact, the complaint is devoid of any allegations describing what occurred after Johnson

_____

[2] The district court partially construed Johnson's complaint as a "failure to intervene" claim, citing *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998), which holds that an officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene. (Doc. 33 at 4-5).  While it is well settled that *Ensley* applies to situations where one officer observes a fellow officer violating a constitutional right, typically by using excessive force, we have not explicitly adopted this holding in a situation involving an officer observing a fight between inmates.

6

and Hanley "got into it," other than the allegation that the nurse was called and treated Johnson's cut.

While the allegations describing Hanley's physical attack are sufficient to show an objective risk of injury, without allegations describing the duration of the fight or the defendants' response, it is impossible to determine whether any defendant was subjectively aware of the risk of injury or whether any defendant responded to the risk of injury in an objectively unreasonable manner. *Caldwell*, No. 12-11818, manuscript op. at 19-20. Accordingly, the complaint failed to rise above the "speculative level" with respect to critical elements of Johnson's claim and was, therefore, properly dismissed. *Id*; *Bell Atl. Corp.*, 550 U.S. at 555, 127 S.Ct. at 1964-65.

## II.

We review the District Court's refusal to grant leave to amend for abuse of discretion, though we review *de novo* the underlying legal conclusion of whether a particular amendment to the complaint would be futile. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1199 (11th Cir. 2001). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004).

A plaintiff may amend his complaint once as a matter of course within 21 days after a motion to dismiss is filed under Fed. R. Civ. P. 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a plaintiff may amend his complaint only with the defendant's written consent or leave of the court, which should give leave to amend freely "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Ordinarily, the district court need not allow an amendment where: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

A plaintiff, however, "*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). This is still true where the plaintiff does not seek leave until after the district court renders final judgment. *Bank*, 928 F.2d at 1112. In *Wagner*, we overruled our decision in *Bank*, holding that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district

8

court." *Wagner*, 314 F.3d at 542.  We noted, however, that our decision "intimate[d] nothing about a party proceeding pro se."  *Id.* at 542 n.1.

There are two circumstances in which the district court need not grant leave to amend under *Bank*: (1) where the plaintiff has indicated that he does not wish to amend his complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile.  *Bank*, 928 F.2d at 1112.  As to the first exception, filing a written motion that sets forth the substance of a proposed amendment is the proper method to request leave to amend the complaint.  *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).  As to the second exception, where the issue of futility is close, we err on the side of generosity to the plaintiff. *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003).

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.  *Carter*, 352 F.3d at 1349. When examining the existence a substantial risk of serious harm, the district court uses an objective standard.  *Caldwell*, No. 12-11818, manuscript op. at 19.

Determining whether the defendant was deliberately indifferent to that risk involves a subjective and objective component.  *Id*.  To satisfy the subjective component, a plaintiff must allege that the defendant subjectively knew that an inmate faced a substantial risk of serious harm.  *Id*.  The defendant must both be

9

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 20. To satisfy the objective component, a plaintiff must allege that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner. *Id.*

While it was within the District Court's discretion to determine that Johnson's amendment was untimely and would cause undue delay and prejudice under Fed. R. Civ. P. 15(a), it was an abuse of discretion to attach any relevance to this finding, as undue delay and prejudice are not factors that except a district court from granting leave to amend under *Bank*. *See Bank*, 928 F.2d at 1112 (noting only two exceptions to its holding); *see also Klay*, 376 F.3d at 1096 (application of an incorrect legal standard constitutes an abuse of discretion). Cases denying a plaintiff's motion to amend for undue prejudice to the opposing party are often distinguishable because the plaintiff had already amended his complaint at least once. *See, e.g.*, *Corsello*, 428 F.3d at 1014 ("[A]mendment would have led to the filing of [the plaintiff's] fourth complaint"). Because Johnson filed a motion for leave to amend and had not previously amended his complaint, the only applicable exception to the holding in *Bank* is whether Johnson's amendment would still fail to state a claim. *Bank*, 928 F.2d at 1112. Accordingly, the sole dispositive issue before us is whether, under a *de novo* review, the district court erred in concluding that Johnson's amendment would be futile.

The District Court erred by denying Johnson the opportunity to amend his complaint at least once.  Specifically, the court erred by finding that Johnson's proposed amended complaint would be futile.  The court's sole conclusion regarding futility was that Johnson's motion to amend was "more a request for discovery" and that Johnson was "not prepared to amend his complaint . . . , but instead want[ed] to gather materials to try and make his case."   Johnson, however, specifically indicated in his motion for leave to amend that he "should be given the opportunity to show that the lapse of time would have been sufficient to constitute a failure to intervene."

Johnson's motion was not a simple request for discovery—it set forth the substance of the proposed amendment and asserted that the amended complaint would contain allegations sufficient to demonstrate the defendants' deliberate indifference to Hanley's attack on Johnson.  *Long*, 181 F.3d at 1279.  Johnson's original complaint already alleged that Hanley's physical assault created an objective risk of injury.  *Caldwell*, No. 12-11818, manuscript op. at 19.  By amending his complaint to include allegations regarding the defendants' specific reactions to Hanley's attack and the lapse of time between Hanley's attack and the defendants' intervention, Johnson may be able to show that the defendants were subjectively aware, by fact or inference, of the risk of substantial injury posed to Johnson after Hanley began attacking him.  *Id.* at 19-20.  Moreover, Johnson's

11

amended complaint may show that the defendants' responded to that risk in an objectively unreasonable way by, for example, alleging that a significant amount of time elapsed between Hanley's physical assault and the defendants' intervention. *Id.* at 20. Johnson's amended complaint, therefore, may contain allegations sufficient to demonstrate the defendants' deliberate indifference to a substantial risk of serious harm, in violation of the Eighth Amendment. *Carter*, 352 F.3d at 1349. Accordingly, Johnson's proposed amendment was not futile, the district court erred by ruling otherwise. We therefore vacate its dispositive order and remand the case so that Johnson can amend his complaint.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.