[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13820
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cv-00088-HL-TQL

ARNOLD JOHNSON,

Plaintiff-Appellant,

versus

CO II BOYD,
LT. KILEY JOHNSON,
SGT. CARLOS JONES,
SGT. SCOTT WIZA,
ANDRE YANCY,
ROBERT WESTON,
JESSE HOWELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 12, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Arnold Johnson, a Georgia prisoner proceeding *pro se,* filed a § 1983 complaint against various state prison officials, alleging that they violated his constitutional rights by failing to protect him and intervene when his cellmate, inmate Hanley, physically attacked him.  Johnson appeals the district court's denial of his second motion to amend his complaint and the dismissal of his amended 42 U.S.C. § 1983 action for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).  Specifically, Johnson argues that the district court erred in denying his motion to amend the complaint because he attempted to file a second amended complaint less than 20 days after filing his amended complaint and he did not seek to add new facts, but sought only to clarify that the prison guards witnessed his attack for four minutes.  He also argues that the district court erred in dismissing his complaint because he demonstrated that the guards displayed "deliberate indifference" on the day he was attacked, rendering his failure-to-protect and failure-to-intervene claims viable.  We address each argument in turn.

## I.

We review the denial of a motion to amend a complaint for an abuse of discretion, although we review *de novo* the underlying legal conclusion of whether a particular amendment to the complaint would be futile.  *Ziemba v. Cascade Int'l,*

2

*Inc.,* 256 F.3d 1194, 1199 (11th Cir. 2001). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1096 (11th Cir. 2004).

In relevant part, a plaintiff may amend his complaint once as a matter of course within 21 days after a motion to dismiss is filed under Fed. R. Civ. P. 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B). In all other circumstances, a plaintiff may amend his complaint only with the defendant's written consent or leave of the court, which should grant leave to amend freely "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The district court "need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quotation omitted).

Johnson was provided with an opportunity to amend his complaint, which he filed on January 28, 2015. He attempted to file a second amended complaint on March 5, 2015, over one month after filing his first amended complaint and twenty-two days after the defendants filed their motion to dismiss his amended complaint. Therefore, Johnson's second motion to amend was untimely under Fed.

3

R. Civ. P. 15(a)(1)(B), and could only proceed with written consent from the defendants or with leave of the court.

The district court did not abuse its discretion in concluding that Johnson proceeded with undue delay in seeking to file his second amended complaint. *Ziemba,* 256 F.3d at 1199; *see also Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1579 (11th Cir. 1991) ("Given the long history of this case, and the opportunities for Hester to cure the deficiencies in the complaint, Hester's proposed amendment was clearly untimely; the district court did not abuse its discretion by refusing to allow it."). At the time he sought a second amendment, Johnson's case had been pending for four years. He waited over six months after this Court issued its mandate, and more than seven months after this Court issued its opinion, before filing his first amended complaint. Johnson did not file his second attempt to amend until after the defendants filed a motion to dismiss, waiting twenty-two days to do so.

Moreover, Johnson was aware of how to cure the defect in his complaint prior to filing the first amended complaint on remand. This Court's remand specified what facts could be included in the amendment in order to create a viable claim. *Johnson v. Boyd*, 568 F. App'x, 719, 724 (11th Cir. June 5, 2014). In addition, the magistrate judge's report and recommendation proposing dismissal of his initial complaint placed Johnson on notice that a sufficient pleading must

4

contain specific allegations regarding the timing of the episode.  In his brief on appeal, Johnson acknowledged that he understood the deficiency in his claim and specifically what facts he needed to add in order to protect the complaint from dismissal.  Johnson's repeated failure to cure deficiencies also supports that the district court did not abuse its discretion in denying his second motion to amend. *See Corsello*, 428 F.3d at 1015 (plaintiff's "repeated failure to cure deficiencies by [previous] amendments is an explicitly permitted reason for which the district court was entitled to deny his motion to amend") (quotation omitted) (bracket in original).

The district court did not abuse its discretion in denying Johnson's second motion to amend his complaint because he was previously provided with an opportunity to amend and demonstrated he understood the Court's directives on remand regarding the facts he could add to his complaint to sustain a viable claim.

## II.

A grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim is reviewed *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Behrens v. Regier,* 422 F.3d 1255, 1259 (11th Cir. 2005).  In reviewing a motion to dismiss, we must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556

5

U.S. 662, 678 (2007) (quotation omitted).  A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Furthermore, factual allegations must be enough to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  We construe a *pro se* litigant's pleadings liberally.  *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008).

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive in prison.  *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).  Among other duties, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."  *Id*. at 832-33 (quotation and alteration omitted).  However, constitutional liability does not result from every injury suffered by a prisoner at the hands of another.  *Id*. at 832-34.

To state an Eighth Amendment violation, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct.  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).  Under the "objective component," a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment.  *Id*.  The challenged condition must be extreme and must pose an unreasonable risk of serious damage to the prisoner's future health or safety.  *Id*.  Under the "subjective component," the prisoner must

6

allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. *Id.* "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation omitted).

## A.

To the extent that Johnson's complaint was based on the defendants' failure to protect him from a known risk of injury by Hanley, a fellow inmate, the district court did not err in concluding that Johnson failed to state a claim upon which relief could be granted. In his amended complaint, Johnson did not allege that the defendants foresaw or knew of a specific risk posed by Hanley. Johnson only alleged that Hanley had a "well documented propensity for violence on inmates, staff, and himself while incarcerated," and that the defendants knew of these tendencies. As this Court noted in its previous opinion regarding Johnson, however, this allegation was insufficient to show deliberate indifference by the defendants prior to the attack, as doing so requires "more than a mere awareness [of an inmate's] generally problematic nature. *Johnson*, 568 F. App'x at 721 (quoting *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003)).

This Court addressed a similar situation in *Carter*, in which a plaintiff brought suit after his cellmate attacked him, and the plaintiff alleged that the

7

defendants knew of his cellmate's "well-documented history of prison disobedience and that his cellmate "had been prone to violence." 568 F.3d at 1349. This Court noted that a prison official defendant "must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also "draw that inference." *Id.* (quotation omitted). After examining the summary judgment record, this Court determined that the plaintiff had lodged various complaints regarding his cellmate, and that the defendants had notice that the "problem inmate" was acting "crazy, roaming his cell like a caged animal." *Id.* at 1349 – 50. However, these facts did not demonstrate that the defendants were made aware of a "particularized threat or fear" felt by the plaintiff in regard to his cellmate. *Id.* This Court noted that the plaintiff failed to establish that the defendants had a subjective awareness of a substantial risk of serious physical harm because he never told prison officials that his cellmate clearly threatened him and he never made a request for protective custody. *Id.* (noting that a generalized awareness of risk that an inmate is problematic may satisfy an objective standard or negligence, but it does not satisfy the subjective standard required). As in *Carter*, Johnson failed to demonstrate that, prior to the episode in question, he requested protective custody or informed the defendants that Hanley clearly threatened him. Thus, the dismissal of Johnson's failure-to-protect claim was proper.

8

B.

The district court erred in dismissing Johnson's claim that the defendants failed to intervene after Hanley's outburst began.  As an initial matter, this Court noted in its previous opinion in this case that the district court analyzed Johnson's failure-to-intervene claim under *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998), which holds that an officer has a duty to intervene if he observes a constitutional violation and is in a position to intervene.  *Johnson*, 568 F. App'x at 722 n.2.  This Court went on to note, however, that *Ensley* applies to situations where one officer observes a fellow officer violating a constitutional right, and has not been explicitly adopted to situations involving an officer observing a fight between inmates.  *Id.*; *see Ensley*, 142 F.3d at 1407 (the officer who allegedly failed to intervene when the complainant alleged he was mistreated by other officers was himself busy arresting an armed codefendant).

Complying with this Court's suggestion that "alleging that a significant amount of time elapsed between Hanley's physical assault and the defendant's intervention" may demonstrate that the defendants were subjectively aware of the risk of substantial injury or responded to the risk in an objectively unreasonable way, *Johnson*, 568 F. App'x at 724, Johnson amended his complaint to include a time factor.  Johnson contended that at least ten minutes elapsed from the time the officers arrived at the cell and when they entered to intervene.

9

The district court concluded that the addition of this time duration failed to substantiate the claim because Johnson provided no indication as to when during the ten minutes each member of the staff arrived. However, Johnson's complaint does detail that Officer Boyd "immediately came into the cell" when Hanley began kicking on a metal locker bolted to the wall and called for assistance, and that officers and members of a crisis emergency response team saw the incident. Johnson further alleged that one officer filmed the incident, suggesting that a disturbance was occurring in the cell while the officer was present. The complaint made clear that during the time in which the officers watched from outside the cell, Hanley attempted to break a window, broke the porcelain sink, cut himself with pieces of the sink, and wiped his blood throughout the cell. When staff outside the cell failed to intervene, Johnson alleged that "Hanley took a piece of the sink an[d] cut" him in the face, "causing permanent scarring and significant injury."

The district court also concluded that Johnson failed to allege facts indicating the duration of the fight or position of the guards. However, the complaint stated that "at least ten minutes elapsed" from the time the officers and staff arrived at the cell and when they entered the cell to intervene, that crisis emergency response team officers observed the incident, and that an officer recorded the episode on camera. The complaint specifically alleged that the officers stood outside the cell watching the incident. Construing the facts in the

10

light most favorable to Johnson, these allegations suggest that the officers were positioned to enter the cell and intervene. *See Farmer*, 511 U.S. at 833 (having stripped inmates of "virtually every means of self-protection and foreclosed their access to outside aid, the state and its officials are not free to let the state of nature take its course").

The district court also erred in its conclusion that the complaint detailed the "arguably reasonable response taken by the [d]efendants regarding inmate Hanley's outburst, including calling for other officers, initiating filming the incident, and waiting for backup personnel before attempting to restrain Hanley." Johnson does not allege in his complaint that any officer waited "for backup personnel before attempting to restrain Hanley." The complaint states that Officer Boyd came to the cell immediately after Hanley's outburst began, saw what was occurring, and called for assistance. The complaint next states that crisis emergency response team members stood "outside of the cell viewing and witnessing the whole incident" with one officer filming.

Prison officials who respond reasonably to a risk cannot be liable under the Eighth Amendment, but an official responds "in an objectively unreasonable manner if he knew of ways to reduce harm but knowingly declined to act or if he knew of ways to reduce the harm but recklessly declined to act." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 620 (11th Cir. 2007) (quotations omitted).

11

Johnson alleged in his complaint that there were enough officers to safely intervene, that some of the officers were members of a team specifically trained to intervene in such circumstances, and that none of the officers intervened during the ten-minute outburst. Accepting these allegations as true, Johnson's complaint satisfied, for the purposes of surviving a motion to dismiss, the deliberate-indifference prong of his Eighth Amendment claim because he alleged that the defendants watched an attack on him that posed a risk to his safety without intervening. *Farmer*, 511 U.S. at 842 (an "Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate, it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm"). The district court erred in concluding that Johnson's complaint failed to state a claim under the Eighth Amendment with respect to his allegations concerning the officers' failure to intervene. Thus, we vacate the district court's dismissal.

## III.

As a concluding matter, the state argues that this Court should affirm the dismissal of Johnson's claim on the basis of qualified immunity. To claim qualified immunity, the officers must first show they were performing a discretionary function. *Barnes v. Zaccari*, 669 F.3d 1295, 1303 (11th Cir. 2012). The burden then shifts to the plaintiff to show that: (1) the officers violated a

constitutional right; and (2) the right was clearly established at the time of the violation. *Id.* The state contends that Johnson cannot show that the law regarding the officers' alleged failure to protect or intervene in Hanley's outburst was clearly established such that their actions would amount to a § 1983 violation.

The state raised this issue before the district court in its motion to dismiss the amended complaint, and Johnson addressed the issue in response. However, the magistrate judge's report and recommendation adopted by the district court did not address qualified immunity. Because the district court has not provided a decision to review, we defer the issue to the district court to address the issue in the first instance on remand.

The district court did not err in dismissing Johnson's failure-to-protect claim, because he failed to allege that the prison guards foresaw or knew of a specific risk regarding his safety as an inmate. He also failed to allege that, prior to the episode in question, he requested protective custody or informed the defendants that Hanley clearly threatened him. The district court did err, however, in concluding that Johnson's complaint failed to state a claim under the Eighth Amendment with respect to his allegations concerning the officers' failure to intervene. Accepting Johnson's allegations as true, his complaint satisfied, for the purposes of surviving a motion to dismiss, the deliberate-indifference prong of the

claim, in that Johnson alleged that the defendants watched an attack on him that posed a risk to his safety without intervening.

Upon careful review of the record and consideration of the parties' briefs, we affirm the district court's denial of Johnson's second motion to amend his complaint and the district court's dismissal of the failure-to-protect claim within the amended complaint.  We vacate the district court's dismissal of Johnson's failure-to-intervene claim, and remand the matter to the district court for proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**