[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-4669

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
07/22/99
THOMAS K. KAHN
CLERK

D. C. Docket No. 96-7156-CV-DTKH

JOANNE LONG, as guardian of John Gordon
Purvis, incompetent,

Plaintiff-Appellant,

versus

MICHAEL SATZ, individually and as State Attorney,
for the Seventeenth Judicial Circuit, in and for
Broward County, Florida, RALPH RAY, ROBERT
CARNEY, BARBARA BARTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 22, 1999)**

Before COX and BARKETT, Circuit Judges and FAY, Senior Circuit Judge.

PER CURIAM:

Joanne Long, as guardian of John Gordon Purvis, challenges on this appeal the district court's order granting defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss. The district court concluded that the defendants were entitled to absolute immunity and that the complaint failed to state a claim upon which relief can be granted. We affirm.

## I. Facts

We take the facts from the complaint. In November 1983, Susan Hamwi was murdered in her home. As a result, her infant daughter, Shane Hamwi, was left unattended for several days, and she died from dehydration. During the course of the investigation, it was learned that Paul Hamwi, the victim's ex-husband, had a "motive for the murders," (R.1-5 at 3), but the investigation focused on John Gordon Purvis, a neighbor of the victims. Purvis was a mentally disabled adult, diagnosed as a non-violent schizophrenic.

Purvis was charged with murder in the first degree and murder in the second degree as a result of the deaths of Susan and Shane Hamwi. He was convicted and was sentenced to life imprisonment in April 1985. He appealed.

In May of 1985, shortly after sentencing, and while Purvis's direct appeal was pending, the State Attorney's office (and all of the defendants named here) received information indicating that Robert Beckett, Sr., a close associate of the victim's ex-

husband, had committed the murders. Michael Satz, the State Attorney, and Barbara Barton, his investigator, conducted some additional investigation and learned that Robert Beckett, Jr.'s girlfriend had told Colorado authorities that Robert Beckett, Jr. had implicated his father in the murder of Susan Hamwi. Notwithstanding this information, Robert Carney, a prosecutor in the State Attorney's office, instructed Barton to close the investigation. At that time, none of this exculpatory information was disclosed to Purvis, his guardian or his attorney.

Purvis remained imprisoned for approximately nine years. Ultimately this exculpatory information was discovered and a subsequent investigation established that Purvis was innocent. On joint motion of the State and Purvis, a circuit judge set aside Purvis's conviction in 1993, and Purvis was freed. The actual murderers were then prosecuted and convicted.

## II. Procedural Background

In November 1996, Joanne Long brought suit under 42 U.S.C. § 1983 on behalf of John Gordon Purvis, alleging that Michael J. Satz, individually and as State Attorney, Ralph Ray, Robert Carney, and Barbara Barton violated Purvis's *Brady*[1] rights by not turning over exculpatory information.

---

[1] *See Brady v. State of Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

3

The complaint alleges that Michael J. Satz was the State Attorney for the 17th Judicial Circuit in and for Broward County, Florida. Ralph Ray and Robert Carney were alleged to be Assistant State Attorneys. Barbara Barton was alleged to be an investigator for Satz.

In November 1996 the defendants filed a motion to dismiss grounded upon prosecutorial immunity, failure to state a claim, and various other defenses. In response, plaintiff argued that the defendants' failure to disclose the exculpatory evidence was independent of, and subsequent to, their prosecutorial function, and thus, they were not entitled to absolute immunity.[2] The plaintiff's memorandum included a request for leave to amend should the court be inclined to dismiss. The memorandum stated: "Recent discovery responses obtained by Plaintiffs *clearly illustrate the end of the prosecutorial efforts by Defendants*, and should the Court be inclined to dismiss the case on the basis of absolute immunity, Plaintiffs would respectfully request that leave to amend b[e] granted so that additional facts now available to Plaintiffs may be alleged demonstrating that the functional analysis to be

---

[2]     The plaintiff's memorandum conceded that the complaint failed to state a claim against the investigator, Barton, on the authority of *McMillian v. Johnson*, 88 F.3d 1554, 1567, *modified on reh'g*, 101 F.3d 1063 (11th Cir. 1996). *McMillian* notes that investigators satisfy their obligations under *Brady* when they turn exculpatory information over to the prosecutor. Notwithstanding the plaintiff's concession in the district court, the plaintiff named Barton in the notice of appeal. Any error as to Barton was therefore invited, and we affirm as to Barton without further discussion. *See* 11th Cir. Rule 36-1.

4

employed does not support a grant of absolute immunity under the facts of this case."

(R.-17 at 8 (emphasis added).)

In March 1998, the court dismissed the complaint, concluding that the defendants were entitled to absolute immunity by virtue of having been engaged in the prosecutorial function. The court's order stated:

> Plaintiff asserts, in her opposition to the motion to dismiss, that she has information that the defendants were serving in an investigative, non-prosecutorial capacity when they received the exculpatory information. However, no such information is to be found in the complaint. Plaintiff has not attempted to amend the complaint to incorporate such highly relevant information, nor does she divulge the substance of the promised information in the opposition itself. In her opposition memorandum, plaintiff conclusorily alleges that the defendants were no longer engaged in prosecutorial functions, and that they had no "direct involvement" with the pending appeal.
> . . . .
> The plaintiff . . . has had ample time to either amend or seek leave to amend her pleadings. The court will not now invite the plaintiff to submit another complaint, thereby forcing the defendants to litigate a second motion to dismiss. Based upon the Amended Complaint, defendants' motion to dismiss and plaintiff's opposition, it is the finding of the court that the prosecutors are entitled to absolute immunity for their actions.

(R.-25 at 4-5.) This appeal followed.

### III. Contentions of the Parties

The plaintiff contends that the district court erred in dismissing her complaint based on its conclusion that the defendants were entitled to absolute immunity. Specifically, the plaintiff argues that the complaint sets forth that the defendants were

acting in an investigative or administrative function, as opposed to a prosecutorial function, and therefore not entitled to absolute immunity. The defendants, however, contend that the district court properly dismissed the complaint because the complaint shows that they were acting within their prosecutorial function.[3] In the alternative, the plaintiff argues that the district court abused its discretion by dismissing the complaint without granting leave to amend.

## IV. Standard of Review

We review *de novo* the district court's order granting the defendants' motion to dismiss for failure to state a claim. *See McKusick v. City of Melborne*, 96 F.3d 478, 482 (11th Cir. 1996). For the purpose of determining whether the defendants are entitled to absolute immunity, we accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom. *See Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980).

We review "[a] district court's decision to grant or deny leave to amend . . . for abuse of discretion." *Forbus v. Sears Roebuck & Co.,* 30 F.3d 1402, 1404 (11th Cir. 1994).

## V. Discussion

---

[3]     The defendants also contend that this suit is barred by the 11th Amendment and that they are entitled to qualified immunity; we reject the 11th Amendment argument, and do not reach the question of qualified immunity.

*A. Prosecutorial Immunity*

Prosecutors performing "prosecutorial functions" receive absolute immunity and are therefore not subject to suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984 (1976). Prosecutorial immunity may be asserted by a Rule 12(b)(6) motion, in which we ask if the allegations of the complaint disclose activities protected by absolute immunity. *See Marx v. Gumbinner*, 855 F.2d 783, 789 (11th Cir. 1988). In this case, we ask whether the complaint alleges that defendants were performing "prosecutorial functions" when they learned of this exculpatory evidence. If the answer is yes, the defendants are immune from suit.

The complaint alleges that the defendants (other than Barton) were "State Attorneys." The complaint explicitly alleges that the defendant Michael Satz was the State Attorney for the 17th Judicial District in Broward County, Florida, and that "at all times material hereto was an individual authorized to and in fact conducting the activities of the State Attorney in Broward County, Florida" pursuant to the Florida Constitution and Florida statutes. (R.-5 at 1-2.) The complaint describes the defendant Ralph Ray as one who at all material times served as Assistant State Attorney; the defendant Robert Carney is similarly described as an Assistant State Attorney. (R.-5 at 2.) The information alleged to be exculpatory is said to be information that "became known to the State Attorney's office." (R.-5 at 4.) No facts

alleged in the complaint show that the defendants (other than Barton) acted in a role other than that of prosecutors.

The district court concluded that "[t]he task of evaluating the credibility of the alleged exculpatory information, and of determining its bearing on the trial and the prosecutor's decision whether to confess error and agree to have the verdict set aside, no doubt requires the exercise of prosecutorial discretion."  (R.-25 at 4.)  We agree. We conclude that the district court did not err in granting the motion to dismiss based upon absolute prosecutorial immunity.

*B.  Amended Complaint*

The plaintiff contends that the district court abused its discretion by failing to allow her to amend the complaint prior to dismissing the action.  Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  The rule as applied in this circuit is "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  However, we consider whether the plaintiff's argument is foreclosed by her failure to properly request leave to amend.

Filing a motion is the proper method to request leave to amend a complaint. Federal Rule of Civil Procedure 7(b)(1) provides that "[a]n application to the court for

an order shall be by *motion* which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." (emphasis added).  A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment. *See Wisdom v. 1st Midwest Bank,* 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.")  In this case, the plaintiff did not file a motion for leave to amend.  The request for leave to amend was included in the memorandum she filed in opposition to the motion to dismiss. Furthermore, she failed to attach the amendment or set forth the substance of the proposed amendment. *See Wisdom*, 167 F.3d at 409.  The plaintiff had ample time to file a motion for leave to amend but failed to do so.  Failure to properly request leave to amend, when she had adequate opportunity and time to do so, precludes the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint.  We conclude that the district court did not abuse its discretion in denying plaintiff leave to amend her complaint.[4]  *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999) ("[A] trial court is not required

---

[4]    The defendants also contend that the district court did not abuse its discretion because any amendment would have been futile.  We need not address this question.

sua sponte to grant leave to amend prior to making its decision."); *Bankers Ins. v. Florida Prop. Cas. Underwriting*, 137 F.3d 1293, 1295 n.3 (11th Cir. 1998) ("The district court did not abuse its discretion in not *sua sponte* inviting Bankers to amend."); *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) (holding that "to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion.")

## *V. Conclusion*

Based on the foregoing, we conclude that the district court properly concluded that the defendants are entitled to absolute immunity.[5] We also conclude that the district court did not abuse its discretion for denying plaintiff leave to amend her complaint.

AFFIRMED.

---

[5] The complaint does not suggest what entity Michael Satz represents. At oral argument, the plaintiff's attorney suggested that the entity was the State Attorney's office. However, the plaintiff cites to no authority for the proposition that the State Attorney's office is an entity that may be sued. We therefore assume that only individuals are properly named as defendants in this case.