[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2006
THOMAS K. KAHN
CLERK

No. 06-11238
Non-Argument Calendar

_____

D. C. Docket No. 05-00390-CV-J-25-TEM

DARREN L. WASHINGTON,

Plaintiff-Appellant,

versus

SGT. HARRIS, former Correctional Officer at Hamilton
Correctional Institution Annex, in his individual capacity,
INSPECTOR CERCY, former Inspector at Hamilton
Correctional, in his individual capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 23, 2006)

Before DUBINA, HULL and COX, Circuit Judges.

PER CURIAM:

Darren L. Washington, a prisoner, appeals the district court's dismissal on qualified immunity grounds of his 42 U.S.C. § 1983 claims against the Appellees. Washington's complaint alleges that one of the Appellees, David Deas, crept up behind Washington while he was working and grabbed his genitals. Washington alleges that he resisted and turned around, at which time Deas kissed him on the mouth and threatened to perform oral sex on him. Washington alleges that he continued to resist Deas's advances, and that Deas then left him alone.

Washington's complaint asserts seven causes of action. He assers four 42 U.S.C. § 1983 claims against Deas and his supervisors and three pendant state tort claims against Deas. Washington's complaint alleges that, by sexually assaulting Washington, Deas violated his Eighth Amendment right to be free from cruel and unusual punishment. It also alleges that Appellees Harris, Cercy, and Freeman violated his Eighth Amendment rights through their deliberate indifference to the risk that Deas would assault him. As state officials, each of the defendants moved to dismiss the complaint based on their qualified immunity, which protects them from suit unless their conduct violated constitutional rights of which a reasonable official would have known. *Lee v. Ferraro*, 284 F.3d 1188, 1193-94 (11th Cir. 2002). The district court dismissed all the § 1983 claims, finding that Washington's allegations, taken as true, fail to establish a constitutional violation and instead amount to a

2

simple case of assault and battery. The district court then dismissed the pendant state-law claims pursuant to 28 U.S.C. §1367(c)(3).[1]

We find no error in the district court's determination. To allege a violation of a prisoner's Eighth Amendment rights, a complaint must state facts that establish an objectively serious injury. Assaults that result in only de minimus harm do not rise to the level of constitutional infractions unless the behavior of the officer in question can be deemed "'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 1000 (1992) (internal citations omitted). Although Washington alleges that he was subjected to an offensive and unwanted touching, he alleges only momentary pain, "psychological injury," embarrassment, humiliation, and fear. These de minimus injuries do not rise to the level of constitutional harms, and Deas's conduct, while inappropriate and vulgar, is not repugnant to humanity's conscience. Moreover, even assuming that Deas's behavior was sufficiently repugnant to give rise to a constitutional claim, no case law clearly establishes that such conduct violates the Constitution, and thus we cannot say that any reasonable officer would have known of it. The district court did not err in dismissing the § 1983 claims.

---

[1]Washington does not question on appeal the dismissal of his state-law claims.

Washington also contends that the district court erred in denying his motion to file an amended complaint. We review such a denial for abuse of discretion. *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999). We find that the district court did not abuse its discretion in denying Washington's motion for leave to amend because Washington's proposed amendment, which he attached to his motion, would have been futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

AFFIRMED.