[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10182
Non-Argument Calendar

_____

D. C. Docket No. 07-80139-CV-DTKH

KELVIN RANCE,

Plaintiff-Appellant,

versus

JOHN WINN, individually and as Commissioner
of the Florida Department of Education,
BILL PALMER, individually and as Director of the
Florida Division of Vocational Rehabilitation,
FLORIDA DEPARTMENT OF EDUCATION,
FLORIDA DIVISION OR VOCATIONAL REHABILITATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 31, 2008)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Kelvin Rance, proceeding pro se, appeals the district court's failure to sua sponte provide him with leave to amend his complaint before dismissing it with prejudice. We AFFIRM the dismissal.

**I.**

On February 14, 2007 Rance filed a lawsuit against John Winn individually and as the Commissioner of the Florida Department of Education; Bill Palmer individually and as the Director of the Florida Division of Vocational Rehabilitation; and the Florida Department of Education, Florida Division of Vocational Rehabilitation. Rance's complaint alleged that the Division had improperly denied him vocational rehabilitation services. As a result, the complaint alleged claims for breach of contract, fraud, negligent misrepresentation, and violations of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

Instead of filing an answer to the complaint, the defendants moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). After Rance responded, the district court granted the defendants' motion, dismissing Rance's claims with prejudice. Rance timely appealed.

## II.

The only issue that Rance raises on appeal is whether the district court erred by dismissing his complaint without first granting him leave to amend pursuant to Fed. R. Civ. P. 15(a). We review a district court's decision to grant or deny leave to amend only for an abuse of discretion. Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1404 (11th Cir. 1994).

Fed. R. Civ. P. 15(a) restricts the discretion of district courts to dismiss complaints without providing an opportunity for amendment. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). That rule states that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely granted when justice so requires.

Fed. R. Civ. P. 15(a). Interpreting the language of the rule, this Court has recognized that "[w]here a more carefully drafted complaint might state a claim," plaintiffs must generally be given at least one chance to amend before their complaints are dismissed with prejudice. Bryant, 252 F.3d at 1163 (internal quotation marks and citation omitted) (alteration in original). However, district courts need not permit amendment where it would be futile to do so. Id.

The proper method for requesting leave to amend a complaint is by filing a

3

motion.  See Fed. R. Civ. P. 7(b); see also Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).  "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."  Long, 181 F.3d at 1279.  In Long, we held that a plaintiff who had failed to properly follow this procedure, despite having had ample time to do so, was precluded from arguing on appeal that the district court had abused its discretion by denying her leave to amend her complaint.  Id. at 1279–80; see also Doe v. Pryor, 344 F.3d 1282, 1288 (11th Cir. 2003) (holding that the district court did not abuse its discretion by denying the plaintiffs' motion for reconsideration or, in the alternative, leave to amend because it "contained neither the proposed amendment nor the substance of it"); Vanderberg v. Donaldson, 259 F.3d 1321, 1327 (11th Cir. 2001) (affirming the denial of a motion to amend where the plaintiff "presented no reasons for why the district court should have granted [the motion]; nor did he give any indication about what the substance of his proposed amendment would be"); Bankers Ins. v. Fla. Residential Prop. & Cas. Joint Underwriting, 137 F.3d 1293, 1295 n.3 (11th Cir. 1998) (holding that the district court did not abuse its discretion by failing to sua sponte invite amendment where the plaintiff "never sought to amend its complaint during the months between the motion for judgment on the pleadings and the district court's order, or any time after that order").

4

Rance never filed a motion to amend his complaint, requested leave to amend his complaint, or moved to vacate the dismissal of his complaint pursuant to Rule 59(e). Instead, he argues that the district court should have sua sponte granted him at least one opportunity to amend his complaint before dismissing it with prejudice. In Wagner v. Daewood Heavy Industries America Corp., 314 F.3d 541 (11th Cir. 2002) (en banc), we held that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend before the district court." Id. at 542. However, it remains unsettled in this circuit whether the Wagner rule applies to pro se plaintiffs. See id. at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se.").

Under the circumstances of this case, we cannot say the district court abused its discretion by dismissing Rance's claims. In his brief to this Court, Rance expressly waived any argument that he stated a valid claim in his complaint. The exhibits that Rance attached to his complaint, moreover, support the conclusion that any attempt to amend his complaint would be futile. And he has failed to offer either to the district court or to this Court any indication of the substance of his proposed amendment. In these circumstances, we are unable to say that the district court abused its discretion by dismissing his complaint without sua sponte granting

him leave to amend.

**AFFIRMED.**