MARTIN, Circuit Judge,
concurring in part and dissenting in part:
I concur with Part I of the majority opinion, which reverses the District Court’s dismissal of Mr. Perlman’s claims under the Florida Uniform Fraudulent Transfers Act (FUFTA). I respectfully dissent from Part II, however, because I believe that the District Court abused its discretion when it dismissed Mr. Perlman’s aiding and abetting claims without granting leave to amend.
If this were a typical case, I would agree with the majority that the District Court did not abuse its discretion by rejecting Mr. Perlman’s abbreviated attempt to request leave to amend. See Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir.2009). It is now well-established in our Circuit that “[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.” Long v. Satz, 181 F.3d 1275, 1279 (11th Cir.1999) (per curiam); see also Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir.1999) (per curiam) (“Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.”).
But this is not a typical case. When Bank of America filed its motion to dismiss the Amended Complaint, its second motion to dismiss filed in the District Court proceeding, Mr. Perlman had no reason to believe that his aiding and abetting claims were in jeopardy of being dismissed. Indeed, the District Court had already denied Bank of America’s challenge to the identical aiding and abetting claims when it moved to dismiss Mr. Perlman’s original complaint. In this circumstance, barring an intervening change in controlling law[1] or a warning that the District Court was inclined to reverse itself, a plaintiff should not be expected to come forward with a formal request for leave to amend. As a practical matter, it is unclear to me how we can expect a plaintiff to draft any amendment when the District Court has already affirmatively ruled that the very same pleadings were sufficient.
On this issue, I find instructive this Court’s decision in Bryant v. Dupree, 252 F.3d 1161 (11th Cir.2001) (per curiam). In Bryant, the District Court denied a motion to dismiss filed by the defendants. Id. at 1163. Following interlocutory appeal, the defendants renewed their motion to dismiss, and the plaintiffs filed a response, which included a request for leave to amend. Id. The District Court, in a rever *816 sal from its earlier position, dismissed the complaint with prejudice. Id. We were not satisfied, however, with the District Court’s reasons for denying leave to amend. Id. at 1162-68. Specifically, we emphasized that the plaintiffs had never been provided notice of the possible deficiencies in their complaint. Id. at 1164. To the contrary, “[rlather than indicating infirmities in the complaint, the district court’s prior opinion created the exact opposite impression.” Id.
Although I recognize that Bryant was decided before our en banc decision in Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541 (11th Cir.2002) (en banc), the principles set forth in Bryant apply with equal force in this case. Because there had been no intervening change in controlling law or any indication that the District Court was planning to change its mind, Mr. Perlman was likely shocked to learn that the same judge who had upheld his aiding and abetting claims just five months earlier now found them insufficient. In this extraordinary circumstance, a plaintiff should not be expected to include a proposed amendment in his request for leave to amend. He would simply have no way of knowing how or why his complaint is insufficient.
Finally, it is important to keep in mind the underlying reasons why we require plaintiffs to provide their proposed amendments to the District Court in advance. Until this Court’s en banc decision in Wagner, District Courts were required to allow plaintiffs to amend their complaints as long as a more carefully drafted complaint “might” state a claim. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991) (per curiam). Under the Bank rule, however, plaintiffs had no incentive to amend their complaints before the District Court ruled on a motion to dismiss. See Wagner, 314 F.3d at 543. If their claims were dismissed, plaintiffs knew they would get at least “two bites at the apple” because they had a guaranteed right to amend in their back pocket. Id. This is why we overruled Bank and held that District Courts are not generally required to grant a plaintiff leave to amend when the plaintiff never requested it. Id. at 542.
Here, however, there was no danger that Mr. Perlman was trying to get two bites at the apple because his first bite had already made its mark. As far as Mr. Perlman was concerned, the District Court had already told him his aiding and abetting claims passed muster once, and so there was no need for him to think about how to shore up the insufficiencies in his complaint. Without the benefit of prognostication, Mr. Perlman reasonably assumed that the District Court would reject Bank of America’s second motion to dismiss in the same way it dismissed the first one. This is why I believe that a District Court should be required to grant leave to amend in this circumstance unless there is an intervening change in controlling law or the District Court otherwise provides notice that it is reconsidering its earlier ruling.
For these reasons, I would hold that the District Court abused its discretion here by dismissing Mr. Perlman’s aiding and abetting claims with prejudice, and I would remand this case to the District Court to provide Mr. Perlman with an opportunity to amend his aiding and abetting claims.

. I recognize that the District Court relied heavily on this Court’s unpublished opinion in Lawrence v. Bank of America, N.A., 455 Fed.Appx. 904 (11th Cir.2012) (per curiam), which was decided during the interim between the two motions to dismiss. Lawrence, however, was an unpublished opinion and therefore does not constitute binding precedent. See 11th Cir. R. 36-2.