[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13420
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00626-MHC

ANNA FEY,
TONY FEY,

                                                            Plaintiffs-Appellants,

versus

US BANK, N.A.,
as Trustee,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 9, 2018)

Before JORDAN, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Anna and Tony Fey, proceeding pro se, appeal the district court's dismissal of their wrongful foreclosure action for failure to state a claim, as well as the district court's denial of leave to amend their complaint.  After review,[1] we affirm.

## I.    DISCUSSION

### A.    *Dismissal under Federal Rule of Civil Procedure 12(b)(6)*

It is well-settled that a legal claim or argument that has not been briefed on appeal is "deemed abandoned and its merits will not be addressed."  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  Although we construe briefs filed by pro se litigants liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Even when construed liberally, the Feys' briefing does not challenge the district court's dismissal of their complaint under Federal Rule of Civil Procedure 12(b)(6).  Instead of identifying any specific defects in the district court's legal reasoning, the Feys reassert the factual allegations presented to the district court in support of their claims alongside some novel factual allegations and contend that the case should be remanded to the district court for further development of the record.  By failing to raise any legal argument challenging the

---

[1] We review the grant of a motion to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004).  We generally review the denial of a motion to amend a complaint for abuse of discretion, but we review questions of law de novo.  *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007).

2

district court's dismissal of their complaint, the Feys abandoned the argument on appeal. *Access Now, Inc.*, 385 F.3d at 1330. Accordingly, we affirm the district court's dismissal of the Feys' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]

## B. *Denial of Leave to Amend*

"Filing a motion is the proper method to request leave to amend a complaint." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (citing Fed. R. Civ. P. 7(b)(1)). A motion for leave to amend must either set forth the substance of the proposed amendment, or, alternatively, the movant must attach a copy of the proposed amendment to their motion. *Id.* In *Long*, the appellant did not file a motion for leave to amend, but requested leave to amend in a memorandum she filed in opposition to the defendant's motion to dismiss. *Id.* On appeal, a panel of this Court concluded the appellant was precluded from arguing that the district court abused its discretion by denying her leave to amend the complaint because she had ample time to file a proper motion but failed to do so. *Id.*

Here, the Feys did not file a proper motion for leave to amend. Instead, the Feys requested leave to amend in their objections to the magistrate judge's report

---

[2] We note that even had the Feys raised a legal argument challenging the district court's dismissal of their complaint, it would fail because, pursuant to 11th Cir. R. 3-1, a party who fails to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," provided the party was given proper notice of the objection time period and the consequences of failing to object.

and recommendations.  Furthermore, the Feys failed to specifically identify the substance of the proposed amendment or to attach a copy of the proposed amendment to their objections.  "Failure to properly request leave to amend, when [the Feys] had adequate opportunity and time to do so, precludes [their] argument on appeal that the district court abused its discretion by denying [them] leave to amend [their] complaint."  *Long*, 181 F.3d at 1279-80.

## II.    CONCLUSION

Because the Feys abandoned the argument that the district court erred by dismissing their complaint for failure to state a claim and failed to properly request leave to amend their complaint, the district court's decision is **AFFIRMED.**