[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11646

_____

WORLDSPAN MARINE INC.,
a Canadian corporation,
CSPAN FINANCIAL, LLC,
a Florida limited liability company,
WEDMORE FINANCIAL, LLC,
a Florida limited liability company,

Plaintiffs-Appellants,

*versus*

COMERICA BANK,
a Texas banking association,
HARRY SARGEANT, III,
an individual,
KEVIN KIRKEIDE,
an individual,

2                    Opinion of the Court                    20-11646

BARRY SHAW,
an individual,
CYNTHIA JONES,
an individual, et al.,

                                        Defendants-Appellees,


KURT YOUNKER,
an individual,

                                                    Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cv-21924-FAM

_____

Before JORDAN, JILL PRYOR, and MARCUS, Circuit Judges.

PER CURIAM:

        Appellants Worldspan Marine Inc., CSPAN Financial, LLC, and Wedmore Financial, LLC appeal from the district court's dismissal of their Amended Complaint raising Racketeer Influenced and Corrupt Organizations ("RICO") Act claims under federal and

state law, along with several state tort claims. The district court -- after dismissing the original complaint under Federal Rule of Civil Procedure 8(a)(2) for being a shotgun pleading, and after giving Appellants detailed instructions on how to modify the complaint to comply with the Federal Rules -- dismissed the Amended Complaint with prejudice on the grounds that it still amounted to a shotgun pleading, and in the alternative, violated Rule 12(b)(6) for failing to state any plausible claims for relief. The district court acted well within its discretion in concluding that the prolix and sprawling Amended Complaint, which spilled across 138 pages and spanned 487 paragraphs, was an impermissible shotgun complaint. After thorough review, we affirm.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). We review a district court's decision to dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2) for an abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A district court has "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Id.*

In *Weiland*, we evaluated complaints in prior lawsuits that had violated Rule 8(a)(2) and delineated "four rough types or categories of shotgun pleadings":

[1] The most common type -- by a long shot -- is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. [2] The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. [3] The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. [4] Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23.  We summed it up this way:

The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to *give the defendants adequate notice* of the claims against them and the grounds upon which each claim rests.

*Id.* at 1323 (emphasis added).

We agree with the district court that the Amended Complaint exhibited many of the vices described in *Weiland*. For starters, most of the counts in the Amended Complaint incorporated by reference the more than 400 paragraphs of its long-winded and repetitive factual background section. In addition, the Amended Complaint was replete with unnecessary information about nonparties, extraneous references to other lawsuits involving Appellee Harry Sargeant III, and bare legal conclusions, including a multitude of allegations that the defendants had committed fraud.

Perhaps most problematically, the Amended Complaint committed what *Weiland* dubbed the "relatively rare sin" of bringing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1321–23. So, for example, the RICO claims raised in Counts I and II were replete with conclusory allegations, stating only that a conspiracy existed and predicate acts occurred, without specifying which defendants were responsible for which acts. Alleging that the defendants were associated with an enterprise that engaged in a pattern of racketeering activity, as Appellants did in Count I, simply did not give each individual defendant "adequate notice" of which of his or her actions allegedly gave rise to liability under RICO. *Id.* at 1323. Indeed, these deficiencies became especially clear to the district court when it went through the laborious process of attempting to discern whether the Amended Complaint properly stated claims for relief under Rule 12(b)(6), thereby revealing it to be extraordinarily difficult, if not "virtually impossible," to

determine exactly which factual allegations Appellants intended to use to support each of their claims. *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "[m]any of the factual allegations appear to relate to only one or two counts, or to none of the counts at all," so "a reader of the complaint must speculate as to which factual allegations pertain to which count").

To be sure, these same deficiencies were present in Appellants' original complaint, which the district court warned was a shotgun pleading. The court then provided Appellants with leave to amend that first complaint, and described its deficiencies in detail so that Appellants could correct them the second time around. Although Appellants' Amended Complaint was slightly shorter than the original complaint, it otherwise contained relatively few improvements and still exhibited many of the myriad problems we've identified above.[1]

---

[1] Appellants now ask us for yet another opportunity to amend their complaint, but this is not the right avenue or venue to make this application. Instead, Appellants should have filed a motion to amend in the district court before bringing this appeal. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint."). Regardless, Appellants do not explain why we should depart from our general practice of dismissing a shotgun complaint with prejudice after it has been amended once and remains a shotgun pleading. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018).

20-11646              Opinion of the Court              7

The long and the short of it is that we cannot say that the district court abused its discretion in dismissing the Amended Complaint with prejudice.

**AFFIRMED**.