[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14145

Non-Argument Calendar

_____

TABITHA BAKER,

Plaintiff-Appellant,

versus

OKSANA SEPICH,
NAJARIAN CAPITAL, LLC,

Defendants-Appellees,

BANK OF AMERICA, N.A.,

Defendant.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-81595-DMM

———————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Tabitha Baker appeals the dismissal of her complaint. The district court found that her claim was barred by collateral estoppel and that she had failed to plead the necessary elements to prove the defendants' violation of an automatic stay under 11 U.S.C. § 362. After review of the parties' briefs and the record, we affirm.

I

A[1]

Ms. Baker owned real property in Sandy Springs, Georgia. Due to non-payment of the mortgage, the property was subject to a foreclosure sale by Bank of America, N.A., which was scheduled to take place on April 3, 2018. On April 2, 2018, Ms. Baker filed for Chapter 13 bankruptcy in an effort to prevent the sale. Pursuant to

———————————

[1] Because this appeal is from the district court's dismissal of Ms. Baker's complaint, we set forth the facts as alleged in the complaint and the exhibits thereto.

11 U.S.C. § 362(a), that filing imposed an automatic stay with respect to Ms. Baker's estate.

At the foreclosure sale, which went forward, Bank of America sold the property to Oksana Sepich, acting on behalf of Najarian Capital, LLC. Ms. Baker alleged that she faxed evidence of the bankruptcy petition to Bank of America on the sale date. She did not, however, allege that Ms. Sepich or Najarian knew of the bankruptcy case or the automatic stay prior to the sale.

The next day, April 4, 2018, Najarian posted an eviction notice on the front gate of the property. In response, Ms. Baker informed Najarian of the bankruptcy petition and automatic stay. Najarian did not take any possessory action on the property between its receipt of the bankruptcy petition notice on April 4, 2018, and the dismissal of the bankruptcy case for Ms. Baker's failure to timely file necessary documents on May 21, 2018.

Over a week after the dismissal of the bankruptcy proceeding, Ms. Sepich again "initiated efforts to evict [Ms. Baker] and take possession of the property" by posting a second notice of eviction. On May 31, 2018, Bank of America executed a foreclosure deed to Najarian.

## B

On November 19, 2018, Ms. Baker filed the underlying complaint against Najarian, Ms. Sepich, and Bank of America for alleged willful violation of the automatic stay under 11 U.S.C. § 362(k). Two months later, in January of 2019, the district court granted

Bank of America's motion to stay the case while the parties sought relief in bankruptcy court.

Bank of America had filed a motion on December 27, 2018, to reopen the original bankruptcy case seeking both *nunc pro tunc* and prospective relief from the automatic stay. The case was reopened, and following a non-evidentiary hearing the bankruptcy court granted Bank of America's requested relief. The bankruptcy court's order relieved Bank of America from the automatic stay *nunc pro tunc* and granted it prospective relief from the stay with respect to the sale of Ms. Baker's property. Ms. Baker appealed the bankruptcy court's order to the district court, which affirmed the order. *See Baker v. Bank of Am., N.A.*, No. 19-CV-80782, D.E. 17 (S.D. Fla. Dec. 12, 2019). She then appealed that decision to us, and we also affirmed. *See Baker v. Bank of Am., N.A.*, 837 F. App'x 754 (11th Cir. 2020).

On August 11, 2021, after the bankruptcy case was again closed, the district court lifted its stay, and the underlying proceedings continued in the district court. Ms. Baker thereafter voluntarily dismissed Bank of America as a defendant.

On September 3, 2021, Ms. Sepich and Najarian filed a motion to dismiss Ms. Baker's complaint under Rule 12(b)(6), setting forth two arguments. First, they asserted that the retrospective removal of the automatic stay effectively validated the foreclosure sale to Najarian. Second, they asserted that Ms. Baker failed to allege facts indicating that, even if the automatic stay had remained

in effect, they had willfully violated it.  On September 6, 2021, Ms. Baker filed a motion for summary judgment.

The district court granted the defendants' motion to dismiss after reviewing (1) the bankruptcy court's order; (2) the district court's order affirming the bankruptcy court's ruling; and (3) our opinion affirming the district court's decision.  The court applied the elements of collateral estoppel, finding that Ms. Baker was barred from relitigating the stay issue because: (1) the issue was the same as that in the bankruptcy case; (2) the issue had already been litigated; (3) the bankruptcy court's judgment addressed the status of the automatic stay; and (4) Ms. Baker had been "afforded a 'full and fair opportunity to litigate this issue.'"  *See* D.E. 67 at 8 (quoting *Christo v. Padgetti*, 223 F.3d 1324, 1339 (11th Cir. 1998)).  Additionally, the court held that Ms. Baker failed to plead a necessary element of her § 362 claim because she "did not allege any [violative] act by either [Ms. Sepich or Najarian] taken after learning of the automatic stay, let alone any willful act."  *Id.* at 10.  The district court denied all other pending motions as moot.

This appeal followed.

## II

Ms. Baker argues that the district court erred in granting the defendants' motion to dismiss because it relied on "parol[ ] evidence" to conclude that the bankruptcy court's order applied to Najarian's purchase of the property.  She contends that the court abused its discretion in reviewing the bankruptcy court's orders

6                    Opinion of the Court                 21-14145

because "[t]here are no ambiguous words, terms or phrases that required the use of parol[ ] evidence to interpret the meaning of." Appellant's Initial Br. at 5. She acknowledges, however, that this "parol[ ] evidence" merely showed "exactly what occurred in the court below." *Id.* Nevertheless, Ms. Baker asserts that the district court should have interpreted only the bankruptcy order to grant relief from the automatic stay and perspective relief to Bank of America, not to Najarian or Ms. Sepich.[2]

The defendants respond that "[Ms.] Baker is collaterally estopped from asserting her claims against [them]," because the bankruptcy court had already considered and ruled on this matter. They further argue that even if the automatic stay had been in effect, Ms. Baker failed to allege that they had willfully violated it. They assert that Ms. Baker has waived her right to challenge this ground for the district court's holding because she failed to challenge it in her briefing on appeal.

---

[2] Ms. Baker's briefs repeatedly refer to "parol[ ] evidence." The parol evidence rule generally provides that evidence "of a prior or contemporaneous oral agreement is inadmissible to vary or contradict the unambiguous language of a valid contract . . . when the parties intend that a written contract incorporate their final and complete agreement." *Ungerleider v. Gordon*, 214 F.3d 1279, 1282 (11th Cir. 2000). But there are no oral statements at issue in this case. As such, we take Ms. Baker's arguments to mean that the district court improperly considered extrinsic evidence in evaluating her complaint.

### III

### A

We review the district court's grant of a motion to dismiss for failure to state a claim *de novo*. *See Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 942 (11th Cir. 2014). We accept the allegations in the complaint as true and construe them in the light most favorable to Ms. Baker. *See id.*

The district court's order dismissing Ms. Baker's complaint rested on two independent grounds. The court found that Ms. Baker's claims were barred by collateral estoppel because of the prior proceedings. The court also concluded that she had failed to allege that the defendants had committed willful acts in violation of the automatic stay under § 362. When, as here, a district court's order rests on alternative grounds, we can affirm on either ground. *See, e.g., Ry. Labor Execs.' Ass'n v. S. Ry. Co.*, 860 F.3d 1038, 1040 n.2 (11th Cir. 1988) ("[W]e are free to affirm on any ground supported by the record."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect.").

Although not pertinent to the issue on which we ultimately affirm the district court's order (more on that in a moment), we note that other than the pleadings the court considered only the three court decisions of which it took judicial notice. Typically, a

court's consideration of "matters outside the pleadings" requires it to convert a motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). One exception to that rule, however, is that a court may take judicial notice of and consider certain documents, such as prior court records, without converting the motion into one for summary judgment. Although this exception was initially limited to taking notice of S.E.C. filings in a securities fraud action, *see Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276–78 (11th Cir. 1999), it has since been expanded to other contexts. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013).

The court properly took judicial notice of the three decisions. Ms. Baker's entire claim rests on the prior proceedings before the bankruptcy court and the cases that followed (including both appeals). And she was afforded an opportunity to object, but chose not to do so. *See* D.E. 57. Our review demonstrates that the district court did not improperly consider any extrinsic evidence—it merely considered the three related court records of which it properly took judicial notice.

In order to properly plead her claim under 11 U.S.C. § 362, Ms. Baker was required to allege several things, including that the defendants knew of the existence of the bankruptcy stay, and that they acted intentionally after knowledge of the stay in a manner prohibited by § 362(a). *See In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008); 11 U.S.C. § 362(k). *See also* Appellant's Initial Br. at 25. Actions prohibited under § 362(a) include intentional "act[s] to obtain

possession of property of the estate," as well as "act[s] to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(1)–(8).

We affirm the district court's dismissal because Ms. Baker's complaint fails to allege that the defendants acted willfully in violation of the stay after having been notified that the stay was in place. Numerous allegations in Ms. Baker's complaint state, essentially, that the defendants did not violate the automatic stay—the opposite of what Ms. Baker must allege to state a claim under § 362.

We provide a few examples. First, Ms. Baker alleged that the defendants acted willfully in *waiting* until the stay had been lifted to enforce their purchase of her property. *See* D.E. 1 at ¶ 56. Second, she asserted that Bank of America, Ms. Sepich, and Najarian conspired to "superficially honor the automatic stay injunction and take no further overt action to violate the stay while it was effective, instead each would monitor the case on Pacer and wait for the case to be dismissed or the stay to be terminated." *Id.* at ¶ 1. So by Ms. Baker's own account, Ms. Sepich and Najarian conspired to act in accordance with the law by not violating the automatic bankruptcy stay. Third, the complaint acknowledges that Ms. Sepich and Najarian—after being notified of the stay—did not acquire a deed to the property or attempt to take control of the property again until after the bankruptcy case had terminated and stay had been lifted. *See id.* at ¶¶ 20, 41–42, 50, 53.

In her initial brief, Ms. Baker reiterates that the defendants did *not* willfully violate the automatic stay. She states that "the

[d]efendants, acting in concert, made a conscious decision *to wait out the automatic stay* then proceed with the transfer of the Property by way [of] the deed under power on May 31, 2018, just after the stay terminated." Appellant's Initial Br. at 23 (emphasis added). Again, even on appeal, it seems to us that Ms. Baker is advocating against her own claim. Her arguments before the district court and now before us directly contradict the elements of the claim she sought to plead.

Further, Ms. Baker's initial brief does not specify which allegations in the complaint adequately pled the defendants' willful conduct in violation of § 362(a). Instead, she merely block quotes from the complaint, *see* Appellant's Initial Br. at 21–23, and states—in conclusory fashion—that "[t]he complaint alleges Defendants acted intentionally after knowledge of the automatic stay." *Id.* at 25. But reading those allegations, we reach the same conclusion as the district court. Ms. Baker "clearly allege[d] that [Ms. Sepich and Najarian] took no action between learning of the stay and its termination, [so] no construction of the facts [could] state a claim for willful violation of an automatic stay under § 362(k)." D.E. 67 at 11.[3]

---

[3] In addition to the dismissal of her complaint, Ms. Baker appeals the district court's denial of her motion for summary judgment. She argues she was entitled to partial summary judgment on liability, raising many of the same arguments as in response to the motion to dismiss. Because we affirm the district court's dismissal of Ms. Baker's complaint, we do not reach the merits of the summary judgment issue.

## B

We next address, and reject, Ms. Baker's argument that the district court abused its discretion in denying her request for leave to amend her complaint. Ms. Baker, who was represented by counsel, did not file a motion for leave to amend or provide the court with a proposed amended pleading. Instead, in her response to the motion to dismiss, she made a passing request for leave to amend in a footnote. *See* D.E. 57 at 12 n.3 ("To the extent the Court finds the Complaint deficient and is inclined to GRANT Defendant's motion, Plaintiff respectfully requests an opportunity to amend the Complaint to address any deficiency noted by the Court."). This is insufficient. *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint. . . . [The] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). Under the circumstances, the district court did not abuse its discretion in denying Ms. Baker's request.

## IV

We affirm the district court's order dismissing Ms. Baker's complaint.

**AFFIRMED.**