[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14015

Non-Argument Calendar

_____

VISHRUT AMIN,
JIGARBHAI N. AMIN,

Plaintiffs-Appellants,

*versus*

JUDGE CARLA R. PEPPERMAN,
in her individual capacity and official
capacity as County Judge, in and for Lake
County, Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02345-KKM-JSS

_____

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Vishrut Amin and Jigarbhai N. Amin, proceeding *pro se*, sued state court Judge Carla R. Pepperman, County Judge for the Fifth Judicial Circuit in and for Lake County, Florida, under 42 U.S.C. § 1983, alleging that she deprived them of their Fourth, Fifth, and Fourteenth Amendment rights and acted in a discriminatory and retaliatory manner toward them in connection with certain rulings and other conduct in a state-court proceeding to which they are a party. They appeal the district court's *sua sponte* dismissal of their second amended complaint with prejudice as a shotgun pleading, arguing that dismissal was unwarranted and requesting additional relief from this Court apart from review of the district court's final judgment. Judge Pepperman argues that regardless of whether dismissal on shotgun pleading grounds was warranted, the claims are barred by judicial immunity. After careful review, we affirm.[1]

Whether an official is entitled to absolute judicial immunity is a question of law we review *de novo*. *Stevens v. Osuna*, 877 F.3d

_____

[1] In addition, Attorney David Asti's motion to withdraw as counsel for Appellee is GRANTED.

1293, 1301 (11th Cir. 2017).  To determine whether a defendant is entitled to absolute immunity, we accept as true the allegations of the complaint and any reasonable inferences that may be drawn from them.  *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999).  We can affirm for any reason supported by the record, even if the district court did not rely on that reason. *Wright v. City of St. Petersburg*, 833 F.3d 1291, 1294 (11th Cir. 2016).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotations omitted).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*  Absolute immunity also applies to claims made in an individual capacity.  *Stevens*, 877 F.3d at 1300–01, 1304–08 (applying absolute immunity where the plaintiff's claims were against the judge in his individual capacity).  Absolute immunity flows from the "nature of the responsibilities of the individual official," and it extends to state court judges.  *Id.* at 1301–02 (quotations omitted).

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Under Florida law, Florida "[c]ircuit courts shall have exclusive original jurisdiction . . . [i]n all actions at law not cognizable by the county courts." Fla. Stat. § 26.012(2)(a). Florida "[c]ounty courts shall have original jurisdiction . . . [o]f all actions at law, except those within the exclusive jurisdiction of the circuit courts, in which the matter in controversy does not exceed, exclusive of interest, costs, and attorney fees: . . . $30,000," if filed on or after January 1, 2020. *Id.* § 34.01(1)(c).

Here, regardless of whether the district court's dismissal of the case on shotgun pleading grounds was improper -- an issue we need not reach -- dismissal was nevertheless warranted because the Amins' claims are barred by judicial immunity.[2] As the record makes clear, the actions that formed the basis of the Amins' claims fall squarely within Judge Pepperman's judicial capacity. Indeed, issuing orders, resolving motions, and regulating the court's docket are all actions that constitute normal judicial functions, and the actions here involved a case pending before Judge Pepperman. *See*

---

[2] We recognize that Judge Pepperman is raising the affirmative defense of judicial immunity for the first time on appeal. Ordinarily, we will not consider issues raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004). However, the Amins' complaint was dismissed with prejudice on November 20, 2023, before Judge Pepperman was due to file a responsive pleading, so she had no chance to assert the affirmative defense of judicial immunity. Thus, we will consider the issue, especially since it a pure question of law and its proper resolution is beyond any doubt. *Id.* at 1332.

23-14015                Opinion of the Court                5

*Sibley*, 437 F.3d at 1070–71.  Thus, Judge Pepperman is entitled to absolute judicial immunity so long as she did not act in the "clear absence of all jurisdiction."  *See Bolin*, 225 F.3d at 1239 (quotations omitted).  She did not.  Judge Pepperman had jurisdiction to hear the state-court action filed against the Amins, and she undertook the relevant conduct in the context of those proceedings.  Accordingly, we affirm.[3]

**AFFIRMED.**

---

[3] Additionally, to the extent the Amins seek relief apart from their appeal from the district court's dismissal order, their request -- which asks for, among other things, disciplinary proceedings against Judge Pepperman and an order directed at the U.S. Marshal -- is outside the bounds of our appellate jurisdiction and we cannot consider it.  *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 828 (11th Cir. 2010) (explaining that our appellate jurisdiction is limited to, aside from instances not at issue here, "appeals from final decisions of the district courts").