[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14416
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cv-02110-WWB-EJK

STEVEN MANDALA,
d.b.a. JSIMPORTCO
d.b.a. www.tiregraficx.com,

Plaintiff-Appellant,

versus

TIRE STICKERS, LLC,
a Massachusetts limited liability company,
KEITH FERRY,
Officer of Tire Stickers, LLC,
DOES 1 THROUGH 10, inclusive
JASON BUSCH,
Officer of Tire Stickers, LLC,
TOYO TIRE CORPORATION,
TOYO TIRE U.S.A. CORP.,
BLUEHOST, INC.,
DUPONT PUBLISHING, INC.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Mandala, proceeding *pro se*, appeals the district court's dismissal with prejudice and denial of leave to amend his civil action against Tire Stickers, LLC, Keith Ferry, Toyo Tire Corporation, Toyo Tire U.S.A. Corp., Jason Busch, Bluehost Inc., and Dupont Publishing Inc.  After review, we affirm.

## I.    Background

Mandala filed a *pro se* action against Tire Stickers, LLC ("Tire Stickers"), and Keith Ferry ("Ferry"), an employee of Tire Stickers, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512; tortious interference and abuse of process; the Lanham Act, 15 U.S.C. § 1120; and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201.  The district court *sua sponte* dismissed Mandala's complaint without prejudice because it was an impermissible shotgun pleading.  The court instructed Mandala that he could refile an amended complaint to cure this deficiency.

Thereafter, Mandala filed his first amended complaint, which Tire Stickers moved to dismiss for failure to state a claim and lack of personal jurisdiction. Subsequently, Mandala filed a motion seeking leave to amend his complaint again, asking to supplement facts, add new facts, and add new defendants.  The district

2

court granted Mandala's motion for leave to amend and denied Tire Stickers's motion to dismiss as moot.

Mandala filed his second amended complaint (the "operative complaint") which added Jason Busch ("Busch"), Toyo Tire Corporation and Toyo Tire U.S.A. Corp. (collectively "Toyo Tire"), Bluehost Inc. ("Bluehost"), and DuPont Publishing, Inc. ("Dupont") as defendants. The first four counts of the operative complaint were alleged violations of RICO, 18 U.S.C. §§ 1962(c) (Count One), 1962(a) (Count Two), 1962(b) (Count Three), and 1962(d) (Count Four). The remaining counts alleged: violations of the DMCA (Count Five), tortious interference and abuse of process (Count Six), violations of the Lanham Act (Count Seven), a request for declaratory judgment under the Lanham Act (Count Eight), and violations of the FDUTPA (Count Nine).

The complaint contained the following allegations. Mandala, a resident of Orlando, Florida, is a small business owner who sells tire decor through online websites. Mandala began the business under the company name "TIREGRAFICX," and, with "Ferry's verbal permission," began to resell Tire Stickers' products using his own logo. In May 2018, Tire Stickers officially severed distribution ties with Mandala via a "Termination of Distributor Agreement" letter, leading Mandala to take down all references to Tire Stickers and its products on his website. Mandala continued to sell items similar to those

3

sold previously that he alleged were his own, distinct products.  In June 2018, Tire Stickers filed a suit in federal court in California for trademark infringement and breach of contract and received a default judgment which included a permanent injunction against Mandala.  In the underlying complaint, Mandala generally alleged that the defendants obtained the judgment and injunction fraudulently and that all the defendants "conspired together" to engage in a pattern of fraudulent and racketeering activity.  Specifically, he alleged that Tire Stickers, Toyo Tire, and Ferry used Bluehost's internet services to file false notices of trademark infringement against Mandala with various online business platforms in a concerted effort to drive Mandala out of business.  Further, Mandala alleged that this fraudulent scheme caused Dupont to cease advertising services for him.

Mandala further alleged that he received ten trademark infringement complaints through his eBay store that were signed and verified by Ferry, with each complaint causing lost sales and temporarily shutting down Mandala's business.  Additionally, in November 2018, a trademark infringement complaint was filed against Mandala's Instagram account and Amazon Seller's Account, leading to a revocation of these accounts and financial loss.  At the same time, similar complaints were filed with Mandala's other web store providers, leading to takedowns of these sites as well.  For each of the preceding allegations, Mandala generally alleged that the defendants used "the same fraudulent schemes and

racketeering activities, including but not limited to: wire fraud and conspiracy to commit fraud." And he generally asserted that these fraudulently filed trademark infringement complaints demonstrated a "pattern of racketeering." Mandala also alleged that "Defendants" filed "fraudulent" notice of copyright infringement reports claiming to own the rights of "Toyo Tire & Rubber Co." One of these fraudulent reports "materially and tortuously [*sic*]" misrepresented the nature of the injunction against Mandala.

In response, Tire Stickers, Ferry, and Busch filed a motion to dismiss the operative complaint for failure to state a claim and lack of personal jurisdiction over Ferry and Busch. Toyo Tire and Bluehost also each filed separate motions to dismiss the operative complaint for failure to state a claim.

Mandala filed response briefs that opposed the motions to dismiss and asserted that the operative complaint "should be upheld in its entirety, or with leave to amend," but he did not attach or discuss the substance of a proposed third amended complaint. Similarly, he did not file any motion seeking leave to amend the complaint for a third time.

The district court issued an order that granted the motions to dismiss the operative complaint with prejudice and closed the case. Specifically, the district court dismissed all claims against Ferry and Busch for failure to establish personal jurisdiction under Florida's long-arm statue. The district court dismissed the RICO

5

counts against the remaining defendants for failure to allege essential elements.[1] The district court dismissed Count Five because the DMCA applies only to copyright violations, not trademark violations like those alleged in the complaint. Count Six was dismissed because it impermissibly contained two claims for relief—tortious interference and abuse of process. Counts Seven and Eight were dismissed because the operative complaint failed to allege fraudulent conduct or representations made to secure a trademark registration and failed to plead that damages were proximately caused by the alleged false registration. Finally, Count Nine was dismissed because Mandala's claims under the FDUTPA relied on the preceding RICO, DMCA, and Lanham Act claims, which all failed to state a claim.

Additionally, the district court denied Mandala leave to amend, noting that Mandala was given three prior opportunities to plead his claims properly and yet he continued to make vague and conclusory allegations. Accordingly, the district court dismissed the case with prejudice. This appeal followed.

---

[1] Specifically, Count One failed to establish that an enterprise existed for purposes of RICO, alleged only parallel conduct between the defendants, and lacked any allegations of knowledge and intent to defraud. Count Two failed to allege that Mandala suffered injury from the use or reinvestment of the income from the alleged racketeering. Count Three failed to allege how or when the defendants took ownership or control of Mandala's business and only alleged damage from the predicate acts, not from the takeover. Count Four, conspiracy to violate RICO, failed because he failed to allege a claim in Counts One, Two, and Three.

## II.    Standard of Review

We review *de novo* a district court's grant of a motion to dismiss for failure

to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *Am. Dental*

*Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). We accept the

allegations in the complaint as true and construe them in the light most favorable to

the plaintiff. *Id.* "A *pro se* pleading is held to a less stringent standard than a

pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*,

871 F.3d 1283, 1289 (11th Cir. 2017). We may affirm the district court's

judgment on any basis supported by the record. *Id.*

We review a district court's denial of a motion to amend for abuse of

discretion. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

## III.    Discussion

### A. The District Court Did Not Err in Dismissing All Nine Counts of Mandala's Complaint

On appeal, Mandala argues that the district court erred in dismissing the

operative complaint because the pleading standard is "exceedingly low," and the

district court ignored the facts, evidence, and legal precedent presented in the

operative complaint.[2] To survive dismissal for failure to state a claim, the facts as

---

[2] We note that, because Mandala does not brief or address the district court's decision to dismiss all claims against Ferry and Busch for lack of personal jurisdiction, he has abandoned that issue. *See Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008) (explaining that we liberally interpret briefs filed by *pro se* litigants; however, issues the *pro se* litigant fails to brief on appeal are deemed abandoned and are not considered). Mandala similarly failed to address

pleaded in a complaint must "state a claim for relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Id.*  A plaintiff must plead

"more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Conclusory allegations,

unwarranted deductions of facts or legal conclusions masquerading as facts will

not prevent dismissal."  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262

(11th Cir. 2004) (quotation omitted).  In considering a motion to dismiss, a court

should first "eliminate any allegations in the complaint that are merely legal

conclusions," and then "where there are well-pleaded factual allegations, 'assume

their veracity and then determine whether they plausibly give rise to an entitlement

to relief.'"  *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679).

Further, any allegations based in fraud must comply with the heightened pleading

standard in Rule 9(b) of the Federal Rules of Civil Procedure, which requires

---

and therefore has abandoned any challenge to the district court's dismissal of Count Six.  *Id.*; *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (explaining that a *pro se* litigant also abandons a claim on appeal "when he either makes only passing references to it, or raises it in a perfunctory manner without supporting arguments and authority.").  Accordingly, we affirm the district court's dismissal of all claims against Ferry and Busch, as well as the district court's dismissal of Count Six.

parties alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." *Id.* at 1291 (quoting Fed. R. Civ. P. 9(b)).

> 1. *The RICO and Lantham Act claims were subject to dismissal under Federal Rule of Civil Procedure 9(b)*

Because Mandala's RICO claims are predicated on wire fraud, they are subject to the heightened pleading standard of Rule 9(b). *See Am. Dental*, 605 F.3d at 1291. Similarly, Mandala's claims under the Lantham Act—which provides that "[a]ny person who shall procure registration in the Patent and Trademark Office of a mark by a *false or fraudulent* declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof"—also sound in fraud and must comply with the heightened pleading standard. 15 U.S.C. § 1120 (emphasis added); *see also Citibank, N.A. v. Citibanc Grp., Inc.*, 724 F.2d 1540, 1544 (11th Cir. 1984) (explaining that a false or fraudulent statement is a necessary element of a Lanham Act trademark violation).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. Rule 9(b) requires a plaintiff to plead more than conclusory allegations that certain statements were fraudulent; a complaint must allege facts giving rise to an inference of fraud. *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002) ("If Rule 9(b) is to carry any water, it must mean that an essential

allegation and circumstance of fraudulent conduct cannot be alleged in . . . conclusory fashion.").

Here, the district court did not err in dismissing the RICO claims because Mandala failed to allege sufficiently the particular circumstances constituting fraud. *See Am. Dental*, 605 F.3d at 1291. Other than bare assertions that the notices of copyright infringements filed by the defendants were "fraudulent," Mandala did not allege in his complaint any set of facts to demonstrate *what* was fraudulent about the notices. Simply providing examples of the alleged fraudulent conduct is not enough, as we held in *American Dental*:

> Though the complaint sets out at least six examples of e-mail and letter communications between Defendants and Plaintiffs . . . Plaintiffs do not point to a single specific misrepresentation by Defendants regarding how Plaintiffs would be compensated in any of these communications, nor do they allege the manner in which they were misled by the documents, as they are required to do under Rule 9(b). We have held that a plaintiff must allege that some kind of deceptive conduct occurred in order to plead a RICO violation predicated on . . . fraud.

*Id.* at 1291–92. Accordingly, we affirm the district court's dismissal of the RICO claims (Counts One, Two, Three, and Four).

For similar reasons, the district court did not err in dismissing Mandala's claims under the Lanham Act. Mandala's operative complaint did not meet the heightened pleading standard because it failed to allege any intent or knowledge of a false representation made by Tire Stickers. *See* Fed. R. Civ. P. 9(b).

10

Accordingly, we affirm the district court's dismissal of all claims under the

Lanham Act (Counts Seven and Eight).

> ### 2. *The DMCA claim fails because Mandala alleges trademark, not copyright, violations*
>
> Section 512(f) of the DMCA provides that a person who
>
> knowingly materially misrepresents under this section . . . that [a] material or activity is infringing . . . shall be liable for any damages . . . incurred by the alleged infringer . . . who is injured by such misrepresentation, as a result of the service provider relying on such misrepresentation in removing or disabling access to the material or activity claimed to be infringing.

17 U.S.C. § 512(f).  By requiring that any misrepresentation be "under this

section," which deals exclusively with copyright infringement, the statute applies

only to copyright infringement.  *See id.*  Thus, the district court did not err in

dismissing the claims under the DMCA because Mandala alleged the defendants

filed false notices of trademark infringement.  He did not allege any violations

concerning copyright infringement.  *See id.*  Accordingly, we affirm the district

court's dismissal of Mandala's claim under the DMCA (Count Five).

### 3. *The FDUTPA claim fails because the predicate claims fail*

In order to state a claim under the FDUTPA, a plaintiff "must allege (1) a

deceptive act or unfair trade practice; (2) causation; and (3) actual damages."

*Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013).

Here, the district court did not err in dismissing Mandala's claims under the FDUPTA because his claims relied on the aforementioned RICO, DMCA, and Lanham Act claims that also failed to state a claim. Without any surviving predicate acts, the claims under the FDUPTA were rightfully dismissed for failure to state a claim. Accordingly, we affirm the district court's dismissal of all claims under the FDUPTA (Count Nine).

B. The District Court Did Not Err in Dismissing the Complaint Without Leave to Amend

Mandala argues on appeal that the district court erred in denying him leave to amend because he had not been given a chance to amend his complaint to fix the pleading deficiencies identified by the district court in its dismissal order. He further contends that he would fix the deficiencies if given a chance and granting leave to amend would not prejudice the defendants.

"Filing a motion is the proper method to request leave to amend a complaint." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (citing Fed. R. Civ. P. 7(b)(1)). A proper motion for leave to amend requires that a movant either (1) set forth the substance of the proposed amendment, or (2) attach a copy of the proposed amendment to the motion. *Id.*; *see also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (explaining that a plaintiff "should not be allowed to amend [his] complaint without showing how the complaint could be amended to save the meritless claim." (alteration in original)). Here, Mandala

12

never filed a motion for leave to amend his second amended complaint, despite knowing how to file such a request as evidenced by the fact that he filed one previously in the litigation.  And although, in his response to the motions to dismiss, he mentioned in passing that leave to amend should be granted, he failed either to set forth the substance of a proposed amended complaint or attach a proposed amended complaint. Moreover, Mandala was granted previously two opportunities to amend the complaint and cure any pleading deficiencies, yet he failed to do so.  "A district court need not . . . allow an amendment . . . where there has been . . . *repeated failure to cure deficiencies by amendments previously allowed*.  *See Bryant*, 252 F.3d at 1163 (citing *Foman v. Davis*, 371 U.S. 178 (1962)).  Accordingly, the district court did not abuse its discretion in denying Mandala leave to amend his complaint a third time.  *Id.*; *Long*, 181 F.3d at 1279.

 **AFFIRMED.**